**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **REYNA L. LAINEZ LOZANO,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Case No. CIV-26-1806-HE** |
| **WARDEN, DIAMONDBACK CORRECTIONAL FACILITY, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

**REPORT AND RECOMMENDATION**

Petitioner Reyna L. Lainez Lozano, a noncitizen proceeding pro se,[1] seeks a writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1.[2] United States District Judge Joe Heaton referred the case to the undersigned Magistrate Judge for initial proceedings under 28 U.S.C. § 636(b)(1)(B), (C). Doc. 5. Respondents filed a response, Doc. 9, and the time for Petitioner to reply has lapsed. So the matter is at issue.

---

1 This Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)). Because Petitioner is proceeding pro se, the Court liberally construes her arguments. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.*

2 Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

For the reasons set forth below, the undersigned recommends the Court grant Petitioner's request for habeas relief in part and order Respondents to provide Petitioner with an individualized bond hearing under 8 U.S.C. § 1226(a) within ten days or otherwise release Petitioner.

## I. Background and Petitioner's claims.

Petitioner is a native and citizen of Honduras who entered the United States without inspection or parole on November 7, 2012. Doc. 1, at 10; Doc. 9, at 10. On December 22, 2025, Immigration and Customs Enforcement's (ICE) Enforcement and Removal Operations took Petitioner into custody. An Immigration Judge (IJ) ordered her removal on May 20, 2026, and Petitioner's appeal of that order remains pending. Doc. 1, at 5, 10; Doc. 9, at 11.

Petitioner contends that as a "class member in *ICWC v. Mullins/Noem,*"[3] with a "pending U-Visa with bona fide determination," Respondents are detaining her "without valid authority." Doc. 1, at 7. She also alleges ICE and the detention facility staff have failed to reply to her written grievances over her detention and her detention violates her due process rights because Respondents are not pursuing her removal under a current enforcement action

[3] *Immigr. Ctr. for Women & Child. v. Noem*, No. 25-cv-9848, 351 F.R.D. 324 (C.D. Cal. 2026) (*ICWC*).

or decision and they have not provided her with a "custody determination." *Id.* at 7-8.

Petitioner seeks "outright release," an extension of any filing deadlines, an order for ICE to transport her back to Dallas County, Texas, expedited review, and any other relief the Court deems just and proper. *Id.* at 8.

Respondents argue that membership in the class is not a basis for habeas corpus relief, that this Court lacks jurisdiction, and that her claims fail as they do not state a claim. Doc. 9, at 13-30. Respondents argue in the alternative that the Court should grant relief in the form of a bond hearing only. *Id.* at 30-33 (citing *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026)).

## II. Standard of review.

An application for a writ of habeas corpus "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Habeas corpus relief is warranted only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## III. Discussion.

### A. *ICWC* does not entitle Petitioner to habeas corpus relief.

In 2020, Petitioner filed a "Petition for U Nonimmigrant Status" with United States Citizenship and Immigration Services (USCIS). Doc. 1, Ex. 3.[4] In 2024, USCIS submitted an "I-797" "Notice of Action" to Petitioner stating the agency had found her petition "bona fide." *Id.* Ex. 2. Petitioner states her U-visa petition is still pending but provides no further information. Doc. 1, at 7.[5]

---

[4] U Nonimmigrant Status, referred to as a "U visa," "is a classification for victims of certain crimes who report those crimes to law enforcement and cooperate in their investigation or prosecution." *Chaparro Navarro v. U.S. Dep't of Homeland Sec.*, 612 F. Supp. 3d 986, 990 (C.D. Cal. 2020); *see also ICWC*, 351 F.R.D. at 351 ("[T]he U visa, which Congress created in 2000, provides a path to legal status for non-citizen survivors of qualifying crimes who assist law enforcement in investigating or prosecuting those crimes.").

[5] The notice states that the "bona fide" determination grants her interim permission to apply for "employment authorization." Doc. 1, Ex. 2. But the notice itself "does not constitute valid U nonimmigrant status or employment authorization, and may not be used to demonstrate legal immigrant or employment status." *Id.*

At the time of the notice, "the statutory cap for U-1 nonimmigrant status ha[d] been reached" and no new visas were available. *Id.* So it appears USCIS placed Petitioner on a waiting list for consideration and, in the meantime, granted her the interim benefits of deferred action and an opportunity for employment authorization. *Id.*; *see, e.g.*, *ICWC*, 351 F.R.D. at 352 ("U visa petitioners may also receive deferred action by being placed on a waiting list: if an applicant is fully adjudicated as eligible for a U visa but cannot receive a U visa 'due solely to the cap, [the applicant] must be placed on a waiting list'

In 2025, ICE "issued a new policy governing its immigration enforcement actions against noncitizens 'who are known beneficiaries of victim-based immigration benefits or are known to have pending applications or petitions for such benefits.'" *ICWC*, 351 F.R.D. at 348 (quoting ICE "2025 Guidance" policy). "The 2025 Guidance expressly repealed previous policy and dramatically changed ICE's enforcement posture towards individuals with pending petitions for victim-based immigration benefits [including U visas, like Petitioner's] from a policy of refraining from immigration enforcement against such persons in deference to their pending applications, to a policy of enforcement despite their pending applications." *Id.*

In *ICWC*, the court granted the plaintiffs' motion for preliminary class certification of, among others, individuals with pending U visa petitions. *ICWC*, 351 F.R.D. at 367, 378, 396. The court also partially granted the plaintiffs' motion to stay the Government's application of the 2025 Guidance

---

until a U visa becomes available.[] In the meantime, 'USCIS will grant deferred action or parole . . . and may authorize employment' while the petitioner remains on the waiting list." (quoting 8 C.F.R. § 214.14(d)(2))).

Petitioner does not indicate if she ever applied for employment authorization pending USCIS's consideration of her U visa petition. If USCIS were to eventually approve her petition, that approval would grant her "lawful nonimmigrant status and employment authorization for four years." *Chaparro Navarro*, 612 F. Supp. 3d at 991 (citing 8 U.S.C. §§ 1184(p)(3)(B), 1184(p)(6)).

policy—including its rescission of prior policies—to individuals who have pending U visa petitions. *See ICWC*, 351 F.R.D. at 379, 396-97; *see also C.D. v. Blanche*, No. 26-cv-3566, 2026 WL 2588362, at *4 (D. Minn. Sep. 2, 2026) (explaining that the *ICWC* court "issued class-wide stays of the 2025 Guidance and the de facto renovation policy as to the certified classes, and then granted individual injunctive relief to the individual plaintiffs"). The result of that stay is that the Government's immigration enforcement activities against class members are presently governed by a 2021 Directive and 2011 Policy which established that ICE "was to refrain from immigration enforcement against persons with pending petitions for victim-based benefits, including by releasing them from detention; identifying persons with pending petitions; seeking expedited preliminary adjudications of their petitions from USCIS; deferring to USCIS preliminary adjudications; and granting administrative stays of removal." *Id.* at 353-54. The application of these policies, however, does "not immediately guarantee a class member's release from detention, as they indicate that a qualifying class member may nonetheless be detained for 'serious adverse factors,' such as national security concerns or a serious criminal history." *Onate v. Gantt*, No. CIV-26-1403-SLP, 2026 WL 3006706, at *4 (W.D. Okla. Oct. 6, 2026) (quoting *ICWC*, 351 F.R.D. at 353); *see also Ayala-Morales v. Olson*, No. 26-cv-375, 2026 WL 1781976, at *3 (S.D. Ind. June 22,

2026) (finding that *ICWC* did not "compel" the petitioner's "release" because, even if he was a member of the class and *ICWC* was binding on the court, the injunction did "not entitle him to automatic release from custody" but rather "to be treated as he would have been treated" before the 2025 policy change).

Petitioner asserts that, because she has a pending U-visa petition and received a bona fide determination, she is eligible for "cancellation of removal, adjustment of status/prosecutorial discretion." Doc. 1, at 7. This Court, however, does not have jurisdiction to consider her eligibility for cancellation of removal or grant her an adjustment of her status.

Title 8, section 1252(g) strips district courts of jurisdiction to "to hear any cause or claim by or on behalf of any [noncitizen] arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any [noncitizen]." To the extent Petitioner requests that this Court either cancel her removal or adjust her status, those requests are "connected directly and immediately with a decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders," and the Court lacks jurisdiction to consider them. *Tsering v. U.S. Immigr. & Customs Enf't*, 403 F. App'x 339, 343 (10th Cir. 2010) (internal quotation marks omitted).

Petitioner also requests the Court order Respondents to immediately release her from detention based on her alleged status under *ICWC*. Doc. 1, at 7-8. The Court does have jurisdiction to consider Petitioner's challenge to her detention. *Cf. Nguyen v. Bondi*, No. CIV-25-1402-D, 2026 WL 396548, at *4 (W.D. Okla. Feb. 12, 2026) (agreeing with the magistrate judge's finding that "neither 8 U.S.C. § 1252(b)(9) nor § 1252(g) deprives the Court of jurisdiction" to consider the validity of detention).

Petitioner relies on the court's decision in *ICWC* as the basis for her request for release from detention. But there are substantial questions about what effect, if any, the *ICWC* decision has on this Court. *See Guillermo B. R. v. Blanche*, No. 26-cv-3599, 2026 WL 2665614, at *3 (D. Minn. Sep. 10, 2026) (noting "substantial questions" about what effect *ICWC* has on the court); *C. D.*, 2026 WL 2588362, at *4 ("[T]his Court has serious reservations about whether the ruling in *ICWC* actually applies to anyone beyond the named plaintiffs in that case."); *F.J.V.R. v. Moniz*, No. 26-cv-12525, 2026 WL 1751998, at *3 (D. Mass. June 18, 2026) ("It is not clear what effect, if any, that non-final order has in this proceeding, and whether this Court has the authority to enforce it."). Several district courts have found that *ICWC* does not apply outside the Central District of California. *See, e.g.*, *Guillermo B. R.*, 2026 WL 2665614, at *3; *Rodrigues v. Lynch*, No. 26-cv-2319, 2026 WL 2520313, at *2

n.3 (W.D. Mich. Aug. 26, 2026) ("Under these circumstances, at this time, this non-binding case does not present a basis for relief in this habeas action."); *Portillo Garcia v. Mullin*, No. CV H-26-2481, 2026 WL 2323547, at *1 n.11 (S.D. Tex. Aug. 11, 2026) (noting that because *ICWC* remains pending in another district and is in a preliminary posture, the court was "not persuaded" that the decision independently established the petitioner's entitlement to habeas relief); *Prado Orozco v. Raycraft*, No. 26-cv-11985, 2026 WL 2138181, at *7 (E.D. Mich. July 24, 2026) ("ICWC's persuasiveness is highly limited by the fact that it is in a non-final, preliminary injunction posture currently on appeal from a different district that is not even within this Circuit."); *J.R.S.B. v. Olson*, No. 26-cv-478, 2026 WL 1481267, at *4 n.5 (N.D. Ind. May 27, 2026) (observing that a petitioner remains free to seek relief as a purported class member in the California action, but another court's non-final order is not subject to preclusive effect in a separate proceeding). The Court should agree with these decisions.

Nonetheless, even if *ICWC* had an effect in this Court, it would not entitle Petitioner to an order of release from detention. "A pending U-visa application does not, standing alone, confer lawful immigration status, prevent enforcement of a final order of removal, or create a statutory entitlement to release from custody." *Flores v. Blanche*, No. 26-5446, 2026 WL 2069995, at *2

(D.N.J. July 17, 2026). Petitioner fails to identify any "statute or binding regulation that prohibited" Respondents from detaining her while her U visa petition remained pending. *Id.* So the Court should deny her request for habeas corpus relief on this basis.

**B. Petitioner is entitled to a bond hearing under § 1226(a).**

Respondents argue Petitioner's "naked assertion that her detention without a custody determination violates the Fifth Amendment . . . is insufficient to put Respondents on notice as to what might make her detention unlawful." Doc. 9, at 28. Yet they admit, in the alternative, that Petitioner is entitled to challenge her detention "based solely on due process afforded under 8 U.S.C. § 1226." *Id.* at 30. The undersigned agrees.

Petitioner is detained under § 1226(a) pending a final removal order. *See id.* at 31 ("[T]he Federal Respondents do not dispute that, under the circumstances, the holding in [*Santillan*] *Quiroz* would compel a finding that Petitioner is held pursuant to 8 U.S.C. § 1226."). An order granting Petitioner an individualized bond hearing is the appropriate remedy in this case. *See Santillan Quiroz*, 180 F.4th at 1247 (explaining that noncitizens subject to § 1226(a) are "eligible for bond").

Section "1226(a) contemplates individualized custody determinations and authorizes release on bond or conditional parole pending completion of

removal proceedings." *Zhakhonov v. Grant,* No. CIV-26-350-J, 2026 WL 1865418, at *3 (W.D. Okla. June 29, 2026). Petitioner argues her continued detention without a custody determination violates her due process rights. Doc. 1, at 8. But "the process afforded by § 1226(a) itself serves as the mechanism through which a detainee's liberty interest is protected." *Zhakhonov,* 2026 WL 1865418, at *3. Because this is "the very process Congress prescribed for detainees held pursuant to § 1226(a)," the Court should decline Petitioner's request for an order of immediate release and instead order Respondents to provide Petitioner with a bond hearing under § 1226(a). *Id.*; *see also Navarrete v. Mullin*, No. CIV-26-224-SLP, 2026 WL 2323345, at *2 (W.D. Okla. Aug. 11, 2026) (finding that the level of process owed the petitioner was "for Respondents to provide [her] with a bond hearing pursuant to 8 U.S.C. § 1226"); *Todyrenchuk v. Warden of Diamondback Corr. Facility*, No. CIV-26-1243-J, 2026 WL 2186977, at *3 (W.D. Okla. July 29, 2026) ("[T]he Court concludes the proper remedy in this case is not immediate release, but an individualized bond hearing before an Immigration Judge exercising jurisdiction under § 1226(a).").

The Court should thus grant the petition in part and order Respondents to provide Petitioner with a bond hearing under § 1226(a) within ten days or otherwise release Petitioner. *See Santillan Quiroz*, 180 F.4th at 1251 n.13

(directing district court to order the government to provide the petitioner a bond hearing within seven days "[b]ecause [the petitioner] can properly be subject to detention under § 1226(a)."); *see also Colin v. Holt*, No. CIV-25-1189-D, 2025 WL 3645176, at *6 (W.D. Okla. Dec. 16, 2025) ("Petitioner has not received a bond hearing and Respondents raise no objection challenging their obligations to provide bond hearings for noncitizens that are detained under 8 U.S.C. § 1226(a).").

**C. The Court should decline to address any remaining claims.**

Given the undersigned's recommendation to grant Petitioner a bond hearing, the Court should decline to address any remaining claims for relief. The Court can grant Petitioner relief under § 1226(a). *See Colin*, 2025 WL 3645176, at *6 n.3 ("Because the Court grants the relief the Petitioner requests based on the applicability of 8 U.S.C. § 1226(a), the Court declines to decide the merits of Petitioner's due process claim."); *see also Singh v. Cerna*, No. CIV-26-757-R, 2026 WL 1973892, at *1 (W.D. Okla. July 8, 2026) (declining to address the petitioner's due process and "other claims" because the court was granting the petitioner habeas corpus relief on the basis of his statutory claim and directing the respondents to provide him with a bond hearing under § 1226(a)).

## IV. Recommendation and notice of right to object.

For the reasons set forth above, the undersigned recommends the Court grant Petitioner's habeas petition in part, and **order Respondents to provide Petitioner with an individualized bond hearing before a neutral Immigration Judge within ten days or otherwise release Petitioner.** The Court should also deny Petitioner's pending motion as moot. Doc. 2.

The undersigned also recommends that the Court order Respondents to certify their compliance with the Court's order by filing a status report within ten business days of the Court's order and promptly providing a copy of this order to counsel for the Warden of the Diamondback Correctional Facility.

The undersigned advises the parties of their right to file an objection to this Report and Recommendation with the Clerk of this Court by October 27, 2026,[6] in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure

---

[6] Given the expedited nature of these proceedings, the undersigned has reduced the typical objection time to this Report and Recommendation. *See* Fed. R. Civ. P. 72(b)(2) advisory committee's note to 1983 addition (noting that rule establishing 14-day response time "does not extend to habeas corpus petitions, which are covered by the specific rules relating to proceedings under Sections 2254 and 2255 of Title 28."); *see also Whitmore v. Parker,* 484 F. App'x 227, 231, & n.2 (10th Cir. 2012) ("The Rules Governing § 2254 Cases may be applied discretionarily to habeas petitions under § 2241" and that "while the Federal Rules of Civil Procedure may be applied in habeas proceedings, they need not

72. The undersigned further advises the parties that failure to make timely objections to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 20th day of October, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE

be in every instance–particularly where strict application would undermine the habeas review process.”).